1  **BETTS & WRIGHT, A Professional Corporation**
   Attorneys at Law
2  P.O. Box 28550
   Fresno, California 93729-8550
3  Telephone: (559) 438-8500
   Facsimile:  (559) 438-6959
4
   James B. Betts (State Bar #110222)
5  Joseph D. Rubin (State Bar #149920)

6  **CITY OF FRESNO**
   Francine M. Kanne, Assistant City Attorney (State Bar #139028)
7  2600 Fresno Street
   Fresno, California 93721-3602
8  Telephone: (559) 498-1326
   Facsimile: (559) 488-1084
9
   Attorneys for Defendants CITY OF FRESNO, JERRY DYER, MICHAEL GUTHRIE,
10 GREG GARNER, DARREL FIFIELD, MARTY WEST, and ROGER ENMARK

11

12                    UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF CALIFORNIA

14
   MICHAEL NEVEU,                      )  Case No. CIV-F-04-6490 OWW/JLD
15                                      )
                 Plaintiff,             )  MEMORANDUM OF POINTS AND
16                                      )  AUTHORITIES IN SUPPORT OF
        v.                             )  DEFENDANTS' MOTION TO DISMISS
17                                      )  SECOND AMENDED COMPLAINT
   CITY OF FRESNO, a municipality; JERRY )  COMPLAINT; FOR MORE DEFINITE
18 DYER, individually; MICHAEL GUTHRIE,  )  STATEMENT; AND TO STRIKE
   individually; GREG GARNER, individually; )  PORTIONS OF THE SECOND
19 DARREL FIFIELD, individually; MARTY   )  AMENDED COMPLAINT
   WEST, individually; ROGER ENMARK,    )
20 individually; and DOES 1 through 10,  )  [F.R.C.P. Rules 12(b)(1)(2), (6), 12(e),
                                         )  12(f) and 12(g)]
21               Defendants.            )
   _____ )  DATE:      May 2, 2005
22                                         TIME:      10:00 a.m.
                                           CTRM:      2
23

24

25

26

27

28

**I.    PRELIMINARY STATEMENT**

Plaintiff Michael Neveu ("Plaintiff") initiated the instant action against the City of Fresno, the Fresno Police Department and ten officers ("Defendants"), alleging causes of action under 42 U.S.C. Section 1983 and for violation of several state whistleblower statutes.  In doing so, Plaintiff maintains the Defendants retaliated against him for exercising his right of free speech.  This is Plaintiff's **third** attempt to establish a claim against Defendants.  Although Plaintiff has limited some of his claims in response to a previous Motion to Dismiss (i.e., claim against the Police Department, official capacity claims against the Individual Defendants, and individual capacity claims against four Defendants), his new pleading fails for a myriad of reasons:

As to Plaintiff's Section 1983 claim, (1) the claim is subject to dismissal based upon the expiration of the statute of limitations; (2) Plaintiff's individual capacity claims against the officers do not establish the requisite elements of a Section 1983 claim; and (3) Plaintiff's allegations against the City of Fresno do not establish the requisite elements of a Section 1983 claim and are deficient as liability against a municipality can only be achieved under very limited circumstances, which are not present here.

As to the state whistleblower claims, (1)  this Court does not have jurisdiction; (2) the claims are barred on statute of limitations grounds; and (3) Plaintiff cannot establish the requisite elements.

For purposes of this Motion, Defendants accept, as they must, the unfounded charges of wrongdoing asserted against them in the Second Amended Complaint. Plaintiff's allegations are, of course, vigorously disputed, but are nonetheless alleged with sufficient factual precision and clarity to establish that no cause of action can be asserted as a matter of law.  Hence, Plaintiff's action fails "for want of facts rather than from lack of skill in stating them."  Loeffler v. Wright (1910) 13 Cal.App. 224, 232.

**II.    ARGUMENT**

**A.    Plaintiff Cannot Maintain a Cause of Action for Violation of 42 U.S.C.**

1

**Section 1983 as a Matter of Law**

**1.    Plaintiff's Cause of Action for Violation of 42 U.S.C. Section 1983 is Barred by the Statute of Limitations[1]**

**a.    Standards for Raising an Affirmative Defense Under Rule 12**

Pursuant to Rule 12(b)(6), a dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dept. (9th Cir. 1988) 901 F.2d. 696, 699.  Alternatively, dismissal may be appropriate when the plaintiff has included sufficient allegations disclosing some absolute defense or bar to recovery.  See Weisbuch v. County of Los Angeles (9th Cir. 1997) 119 F.3d 778, 783, n.1 ["If the pleadings establish facts compelling a decision one way, that is as good as if depositions and other . . . evidence on summary judgment establishes the identical facts."]; see also Coffin v. Safeway, Inc. (D. Ariz. 2004) 323 F.Supp.2d 997, 1000.  Accordingly, in evaluating the sufficiency of a complaint, the court's role is necessarily a limited one, confined to evaluating "not whether a plaintiff will ultimately prevail," but "whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes (1974) 416 U.S. 232, 236, 94 S.Ct. 1683.

As discussed below, Plaintiff's claims are clearly barred by the statute of limitations.

**b.    Summary of Allegations**

Plaintiff alleges damages as a result of Defendants' retaliation for his lawful exercise of expression under the First Amendment. (Second Amended Complaint ("SAC"), ¶ 1).

**i.    Alleged Acts Involving Free Speech**

---

[1]  Argument is being made on behalf of all Defendants.

Plaintiff has been employed by the Fresno Police Department since <u>February, 1995</u>. (SAC, ¶¶ 3 and 11). On or about <u>July 15, 1996</u>, Plaintiff was transferred from patrol to a position of Explorer Post Advisor because the previous Advisor, Richard Mata, was suspended due to allegations of sexual molestation. (SAC, ¶ 16). Shortly after the transfer, Plaintiff was called into the Internal Affairs Division of the Police Department, and was advised to report in writing anything Plaintiff learned about other potential victims of improper sexual behavior by Mata to both Internal Affairs and his immediate chain of command. (SAC, ¶¶ 17-20). According to Plaintiff, the Internal Affairs Division also directed Plaintiff to disregard any requests by his chain of command not to document the information in writing. (SAC, ¶¶ 17-20).

In <u>July/August, 1996</u>, Plaintiff learned of additional information relating to Mata. (SAC, ¶ 21). Plaintiff reported in writing all of the information he obtained to Internal Affairs as well as to his direct chain of command. (SAC, ¶ 23). On or about <u>August, 1996</u>, Sgt. Montejano, Lt. Fries and Capt. West informed Plaintiff that it was not necessary to report anything in writing without first discussing it with his chain of command. (SAC, ¶¶ 24-27). Plaintiff indicated he was going to abide by the order of Internal Affairs and report all sexual allegations in writing. Capt. West stated to Plaintiff that if he wanted "to play it that way" and "not be a team player" that was his choice, but there would be consequences. (SAC, ¶ 28).

On or about <u>December 23, 1996</u>, Plaintiff documented and reported to Lt. Fries and Sgt. Montejano incidents of racial harassment by the Police Activity League Volunteers. Afterward, Sgt. Montejano advised Plaintiff that he should not have documented the racial harassment because it caused staff at the Police Activity League to become upset, including retired Deputy Chief Lee Piscola, and that "pissing off a retired Chief is a bad career move." (SAC, ¶ 29). On or about <u>December, 1996</u>, Plaintiff submitted a year end report documenting potentially embarrassing or troubling incidents involving Lt. Fries and Sgt. Montejano. (SAC, ¶ 30).

On or about <u>February 27, 2002</u>, Plaintiff reported alleged improprieties in the

Pts & Auth Supp Def Mtn Dismiss

Sergeant's exam conducted by the Police Department. (SAC, ¶ 35). On or about March 12, 2002, Plaintiff testified before the Civil Service Board as to improprieties in the testing process for a Sergeant's exam. Specifically, he testified that answers to the practical phase were given to certain applicants prior to the exam so they would score higher on the examination, thereby improving their chances of making Sergeant. (SAC, ¶ 35 and 38).

### ii.     Adverse Employment Actions

Plaintiff alleges the following adverse actions have been imposed against him in retaliation for exercising his First Amendment Rights:

a.     Between June, 1997 and December, 2002, Plaintiff applied for various special units, passed the required tests and was placed on eligibility lists. However, he was always skipped over because Defendants disapproved of any promotion or selection of Plaintiff to a special unit. (SAC, ¶ 41);

b.     On or about July 25, 2002, the Sergeant's promotional list containing Plaintiff's name was "killed" before reaching Plaintiff's name to deliberately avoid promoting Plaintiff in retaliation for testifying before the Civil Service Board. (SAC, ¶ 42);

c.     On March 1, 2004, Plaintiff was placed on administrative leave pending a fitness for duty examination. (SAC, ¶ 45).

////
////
////

### c.     Purpose Behind Statute of Limitations

The purpose of a statute of limitations is to require diligent prosecution of claims, to provide finality in legal affairs, and to assure that claims will be resolved while evidence is reasonably available and fresh. Kaiser Foundation Hospitals v. W.C.A.B.

4

(1985) 39 Cal.3d 57, 62.  Statutes of limitations prevent defendants from having to respond to stale claims and rests, in part, on the presumption that a person with a legitimate claim will not delay in enforcing it.  Douglas v. Douglas (1951) 103 Cal.App.2d 29, 34-35.  Allowing suits based upon remote actions raises all of the problems that statute of limitations and other similar time limitations are designed to address:

> [P]romoting justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared.  The theory is that even if one has a just claim it is unjust not to put the adversary on notice to defend within the period of limitation and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.

Railroad Telegraphers v. Railway Express Agency, Inc. (1944) 321 U.S. 342, 348-349, 64 S.Ct. 582.  "Statutes of limitations are not simply technicalities.  On the contrary, they have long been respected as fundamental to a well-ordered judicial system." Board of Regents v. Tomanio (1980) 446 U.S. 478, 487, 100 S.Ct. 1790, 1796.  "[T]he period allowed for instituting suit inevitably reflects a value judgment concerning the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting the prosecution of stale ones."  Delaware State College v. Ricks (1980) 449 U.S. 250, 259-260, 101 S.Ct. 498, 505.

### d.    Applicable Statute of Limitations

It is well established that federal civil rights claims are personal injury actions because the claims sound in tort.  Wilson v. Garcia (1985) 471 U.S. 261, 277-280. Therefore, the appropriate statute of limitations is the limitations period applicable to personal injury claims in the particular state in which the case is filed.  Jackson v. Cedars-Sinai Medical Center (1990) 220 Cal.App.3d 1315, 1323.  In California, the applicable statute of limitations for civil rights actions brought under 42 U.S.C. § 1983 is the one or two year statute of limitations for personal injury actions, depending on when

5

the underlying acts took place.  Code Civ. Proc. §§ 340(3), 355.1; <u>West Shield Investigations & Security Consultants v. Superior Court</u> (2000) 82 Cal.App.4th 935, 953; <u>City of Huntington Park v. Superior Court</u> (1995) 34 Cal.App.4th 1293, 1297.

Although state law determines the length of the limitations period, federal law determines when a civil rights claim accrues.  Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action has occurred.  <u>Knox v. Davis</u> (9th Cir. 2001) 260 F.3d 1009, 103; <u>Collyer v. Darling</u> (6th Cir. 1996) 98 F.3d 211, 220.

Here, Plaintiff alleges adverse actions were taken against him as early as 1997 based on his First Amendment speech.  Therefore, Plaintiff's claims of retaliation are time barred.

**e.   At a Minimum, Court Should Preclude Allegations of any Alleged Adverse Action Taken Before November 1, 2002**

To the extent the Court does not bar Plaintiff's entire claim on statute of limitations grounds, the Court, at a minimum, should strike/dismiss all portions of the Second Amended Complaint that attempt to invoke liability based on acts that took place prior to November 1, 2002 – two years prior to the filing of the Complaint.

////

////

////

**2.   Plaintiff Cannot Maintain an Individual Capacity Suit Against the Individual Defendants as a Matter of Law**

In pursuing a Section 1983 claim, Plaintiff must plead and prove a violation of rights protected by the federal constitution or created by federal statute or regulation that was proximately caused by a person acting under color of state law.  <u>Albright v. Oliver</u> (1994) 510 U.S. 266.  Additionally, to recover compensatory damages, a plaintiff must demonstrate actual injury.  <u>Farrar v. Hobby</u> (1992) 506 U.S. 103, 112, 113 S.Ct.

566.

Section 1983 is essentially a procedural or remedial device through which a party may seek relief for the deprivation of a constitutional or federal right.  Thus, this Court "must first determine whether the actions by the defendants amounted to a constitutional deprivation.  Indeed, 'Section 1983 is only a grant of a right of action; the substantive right giving rise to the action must come from another source.'"  Soto v. Schembri (S.D. N.Y. 1999) 960 F.Supp. 751, 756.

Plaintiff attempts to base his 1983 claim on the right to free speech under the First and Fourteenth Amendments.

### a.    Standards Pertaining to the Rights of Government Employers as to the Free Speech of its Employees

The Supreme Court has long held that when the government acts as an employer it has far broader powers than when it acts as a sovereign.  Waters v. Churchill (1994) 511 U.S. 661, 668, 114 S.Ct. 1878.  A governmental entity has an important interest in promoting the efficient performance of its duties.  Bates v. McCay (D. Mass 2004) 321 F.Supp. 173, 178.  In Connick v. Meyers (1983) 461 U.S. 138, 143, the Supreme Court observed that "government offices could not function if every employment decision became a constitutional matter."  To this end, the Supreme Court in Waters notes as follows:

> But though a private person is perfectly free to uninhibitedly and robustly criticize a state governor's legislative program, we have never suggested that the Constitution bars the governor from firing a high-ranking deputy for doing the same thing.  Even something as close to the core of the First Amendment as participation in political campaigns may be prohibited to government employees.

In addition, further latitude is given to police departments, as a paramilitary organization, when evaluating First Amendment rights.  Law enforcement personnel are subject to greater First Amendment restraints than other government employees.  Wagner v. City of Holyoke (D. Mass. 2003) 241 F.Supp.2d 78, 91. "A police department

7                    Pts & Auth Supp Def Mtn Dismiss

has a more significant interest than the typical government employer in regulating the speech activities of its employees in order to promote efficiency, foster loyalty and obedience to superior officers, maintain morale, and instill public confidence."  Tyler v. City of Mountain Home (8th Cir. 1995) 72 F.3d 568, 570.  See also Wright v. U.S. Army (D. Ariz. 2004) 307 F.Supp.2d 1065, 1073.

These guidelines should be utilized by this Court in reviewing the individual capacity claims.

### b.    Elements of First Amendment Retaliation Claim

In asserting a First Amendment retaliation claim, Plaintiff must adequately allege that: (1) he engaged in expressive conduct that addressed a matter of public concern; (2) the government official took an adverse action against him; and (3) his expressive conduct was a substantial or motivating factor for the adverse action taken by the government official.  Alpha Energy Savers, Inc. v. Hansen (9th Cir. 2004) 381 F.3d 917, 923; Thomas v. City of Beaverton (9th Cir. 2004) 379 F.3d 802, 808.

Moreover, there is no vicarious or respondeat superior liability in 1983 actions. Monell v. Dept. of Social Services (1978) 436 U.S. 658.  Only the direct acts or omissions of the government employee will give rise to individual liability under Section 1983.  Coleman v. Houston Independent School District (9th Cir. 1997) 113 F.3d 528, 534; Johnson v. Louisiana (5th Cir. 2004) 369 F.3d 826, 831 [only person making the adverse employment decision can be held liable]; Smock v. Nolan (7th Cir. 2004) 361 F.3d 367, 371; Beattie v. Madison County School District (5th Cir. 2001) 254 F.3d 595, 605 [individuals who only recommend termination could not be liable]; Ghosh v. Southern Illinois University (C.D. Ill. 2004) 331 F.Supp.2d 708, 716 [individuals who did not participate in employment decision cannot be held liable].

Thus, Plaintiff must provide sufficient allegations against each defendant based on that defendant's actions under color of state law that caused a violation of a federal right.

8

1

2

###### c.    Plaintiff Cannot Assert Individual Liability Claim Against Greg Garner

###### i.    Summary of Allegations

3

4    Plaintiff alleges Garner requested a practical phase to the Sergeant's exam be

5    created.  (SAC, ¶ 33).  Garner requested that Plaintiff tell him what he told Claimants'

    attorneys with respect to the alleged improprieties relating to the Sergeant's exam.

6    (SAC, ¶ 36).  Garner told attorneys representing the City that Plaintiff was a "crack pot,"

7    "screwball" and had "ethical problems." (SAC, ¶ 37).

8

9    ###### ii.    Allegations are Insufficient to Establish Liability

10    Plaintiff fails to allege that Garner took an adverse employment action against

11    Plaintiff.  Referring to Plaintiff in a derogatory fashion is not an adverse employment

12    action.  "Not everything that makes an employee unhappy is an actionable adverse

13    action."  Duffy v. McPhillips (8th Cir. 2002) 276 F.3d 988, 992.  An adverse employment

14    action must effectuate a material change in the terms or conditions of employment.  Id.

15    See Nunez v. City of Los Angeles (9th Cir. 1998) 147 F.3d 867, 875 [bad mouth and

16    verbally threaten employee is insufficient to maintain a claim]; Harrington v. Harris (5th

17    Cir. 1997) 118 F.3d 359, 365 [criticisms, oral threats and abusive remarks do not

18    constitute adverse actions].  As stated by the Ninth Circuit in Nunez, supra, 147 F.3d at

19    875, "**It would be the height of irony, indeed, if mere speech, in response to**

20    **speech, could constitute a First Amendment violation**." [Emphasis added.]

21    In addition, based on the allegations, Garner is immune from suit.  Qualified

22    immunity is "an entitlement not to stand trial," that is "an *immunity from suit* rather than

23    a mere defense to liability."  Mitchell v. Forsyth (1985) 472 U.S. 511, 526 [emphasis in

24    original].  As a consequence, qualified immunity safeguards all but the plainly

25    incompetent or those who knowingly violate the law.  Brewster v. Board of Education of

26    the Lynwood Unified School District (9th Cir. 1998) 149 F.3d 971, 977.  This standard

27    allows ample room for reasonable error on the part of the official.  Knox v. Southwest

28    Airlines (9th Cir. 1997) 124 F.3d 1103, 1107.  It encompasses both mistakes of fact and

9

mistakes of law.  The concern of the immunity inquiry is to acknowledge that reasonable mistakes can be made as to the legal constraints on particular official conduct.  Id.  The alleged facts do not establish that a law was so clearly established that Garner, if acting as a reasonable official, would have understood that he was violating the law.  Id.

Lastly, the individual claim is barred by the statute of limitations as all the alleged conduct took place prior to November 2, 2002.

### d.    Plaintiff Cannot Assert Individual Liability Against Jerry Dyer

#### i.    Summary of Allegations

Dyer requested a change to the Sergeant's exam to have more discretion over whom was selected.  (SAC, ¶¶ 32 and 33).  Plaintiff was informed that Dyer needed full reports from the psychologists for Plaintiff's being fit for duty.  (SAC, ¶ 50).

////

////

#### ii.    Allegations Are Insufficient to Establish Liability

Dyer's alleged request for a complete report from a psychologist relating to Plaintiff's being fit for duty is not an adverse employment action.  See Breaux v. City of Garland (5th Cir. 2000) 205 F.3d150, 157-8 [Psychological, physical and polygraph testing insufficient]; Benningfield v. City of Houston (5th Cir. 1998) 157 F.3d 369, 376 [Psychological testing for fitness for duty insufficient to constitute adverse employment action.]  Moreover, Dyer is immune from liability based on such allegations, as there was no clear violation of law for making such a request.  See Jones v. Fitzgerald (8th Cir. 2002) 285 F.3d 705, 714; Harrington v. Harris (5th Cir. 1997) 118 F.3d 359, 365 [criticisms, oral threats and abusive remarks do not constitute adverse actions].

### e.    Plaintiff Cannot Assert Individual Liability Against

10

**Roger Enmark**

### i.    Summary of Allegations

Plaintiff heard that Enmark ordered Plaintiff on administrative leave with pay, and requested that Plaintiff obtain full psychological reports establishing fitness for duty. (SAC, ¶ 45 and 50).

### ii.    Allegations Are Insufficient to Establish Liability

Enmark's alleged request for a complete report from a psychologist relating to fitness for duty is not an adverse employment action.  See Breaux v. City of Garland (5th Cir. 2000) 205 F.3d150, 157-8 [Psychological, physical and polygraph testing insufficient]; Benningfield v. City of Houston (5th Cir. 1998) 157 F.3d 369, 376 [Psychological testing for fitness for duty insufficient to constitute adverse employment action.]  Moreover, Enmark is immune from liability based on such allegations.

### f.    Plaintiff Cannot Assert Individual Liability Against Fifield or Guthrie

### i.    Summary of Allegations

Fifield and Guthrie failed to promote Plaintiff.  (SAC, ¶ 41).

### ii.    Allegations are Insufficient to Establish Liability

Plaintiff has not made any allegation to establish that Fifield or Guthrie took any act based on conduct protected by the First Amendment.  Thus, his pleading is deficient.  Moreover, Plaintiff's claims are also barred by immunity and the statute of limitations.[2]

---

[2] Similarly, the Claim against West is also subject to dismissal based on immunity and the statute of limitations.

Pts & Auth Supp Def Mtn Dismiss

3.    **Plaintiff's Cause Of Action For Violation Of 42 U.S.C. Section 1983 As Against the City of Fresno Fails As A Matter Of Law**

In pursuing a 1983 claim, Plaintiff must plead and prove a violation of rights protected by the federal constitution or created by federal statute or regulation that was proximately caused by a person acting under the color of state law.  <u>Albright v. Oliver</u> (1994) 510 U.S. 266.  Additional requirements also need to be satisfied when Plaintiff is suing a municipality.  <u>McCormick v. City of Chicago</u> (7th Cir. 2000) 230 F.3d 319, 324.

a.    **Plaintiff Cannot Maintain a Claim Against a Municipality**

Plaintiff cannot transform an ordinary tort or contract claim into a Section 1983 claim simply because the action was undertaken by a municipality.  <u>Davis v. Bucher</u> (9th Cir. 1988) 853 F.2d 718, 720 ["The mere fact that the allegedly tortuous conduct was performed by a state actor does "not support its characterization as a constitutional wrong."]  Plaintiff comes to this Court alleging

facts that appear to try to hide the fact he is seeking state law claims in the guise of a civil rights violation.

Even if Plaintiff could somehow allege a constitutional violation, in order to find a municipality liable under Section 1983, Plaintiff must prove that a municipal policy or custom caused her injury.  <u>Abbott v. Village of Winthrop Harbor</u> (7th Cir. 2000) 205 F.3d 976, 981;  <u>Looper Maintenance Service v. City of Indianapolis</u> (7th Cir. 1999) 197 F.3d 908, 912.  This is because municipalities are answerable only for their own decisions and policies and are not vicariously liable for the constitutional torts of their agents.  <u>Id</u>.; <u>Monell v. New York Department of Social Services</u> (1978) 436 U.S. 658, 691.  As stated by the United States Supreme Court in <u>Monell</u>:

> A local government may not be sued under section 1983 for injury afflicted solely by its employees or agents.  Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under section 1983.

12

Id. at 694.

Thus, municipalities cannot be held liable for damages under Section 1983 unless a governmental policy or custom caused the alleged constitutional violation.  Id. at 694; Looper Maintenance Service v. City of Indianapolis (7th Cir. 1999) 197 F.3d 908, 912.

Courts have identified three ways in which a municipality can be held liable to a plaintiff for a civil rights violation resulting from government policy: (1) an express policy that, when enforced, causes a constitutional deprivation; (2) the constitutional injury was caused by a person with final policymaking authority, or (3) a widespread practice that, although not authorized by written law or express municipal policy, is so permanent, widespread and well settled as to constitute a custom or usage with the force of law.  Abbott, supra, 205 F.3d at 981; Thompson v. City of Los Angeles (9th Cir. 1989) 885 F.2d 1439, 1443-4.

In his Second Amended Complaint, Plaintiff alleges in conclusory fashion that the officers had policy making authority.  Contrary to Plaintiff's assertion, not every employee with the City of Fresno has policy making authority.  Moreover, only those municipal officials who have "final policy making authority" may, by their actions, subject the City to Section 1983 liability.  Soto v. Schembri (S.D. N.Y. 1997) 960 F.Supp. 751, 757.

Courts have consistently recognized and given effect to the principle that a municipal official does not have final policymaking authority over a particular subject matter when that official's decisions are subject to meaningful administrative review. See Manor Healthcare Corp. v. Lomelo (11th Cir. 1991) F.2d 633, 638 [holding that a mayor was not a final policymaker with respect to zoning decisions where the city charter provided that the city counsel could override the mayor's veto of zoning ordinances.] Scala v. City of Winter Park (11th Cir. 1997) 116 F.3d 1396, 1401.  The mere delegation of authority to a subordinate to exercise discretion is not sufficient to give the subordinate policymaking authority.  Rather, the delegation must be such that

13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the subordinate's discretionary decisions are not constrained by official policies and are not subject to review.  Mandel v. Doe (11th Cir. 1989) 888 F.2d 783, 792.

The Fresno City Charter vests final policymaking authority in the Mayor and the City Council.  Fresno City Charter, Sections 400 and 500.  Moreover, disciplinary actions within the police department can be appealed to the Civil Service Board. Fresno City Charter, Section 909.  Plaintiff has not provided sufficient allegations to substantiate that these six officers had final policymaking authority.  See Soto, supra, 960 F.Supp. at 759 [Agency head does not have final policymaking authority for personnel policy.]; Anthony v. City of New York (2nd Cir. 2003) 339 F.3d 129, 139 [Police Sergeant does not have final decision making authority.]; Scala, supra, 116 F.3d at 1402 [agency head was not final policymaker]; Brown v. Newmann (11th Cir. 1999) 188 F.3d 1289, 1290 [Deputy Sheriff not policymaker]; Bechtel v. City of Belton (8th Cir. 2001) 250 F.3d 1157, 1161 [ Fire Chief not final policymaker].

Moreover, the power to make employment decisions alone does not in itself give rise to potential Section 1983 liability.  "When an official's discretionary decisions are constrained by policies not of that official's making, those policies, rather than the subordinate's departures from them, are the acts of the municipality."  City of St. Louis v. Praprotnik (1988) 485 U.S. 112, 127 [mid-level supervisor who retaliates against an employee in violation of City Charter is not setting city policy so as to give rise to Section 1983 liability]; see also Carrero v. New York City Housing Authority (2d Cir. 1989) 890 F.2d 569, 573, 577 [project superintendent's discretion in training and evaluation did not constitute policymaking authority of the Housing Authority.]

Thus, Plaintiff cannot maintain a Section 1983 claim as a matter of law as against the City of Fresno because there is no factual basis on which to do so.  Spiller v. City of Texas City, Police Dep't. (5th Cir. 1997) 130 F.3d 162, 167 [The description of the policy or custom and its relationship to the underlying constitutional violation cannot be conclusory]; Henrise v. Horvath (N.D. Tex. 2000) 94 F.Supp.2d 768, 769-70 [rejecting conclusory allegations of municipal policy and custom.]

b.    **In the Alternative, This Court Should Order a More Definite Statement**

If the Court does not dismiss Plaintiff's claim pursuant to Rule 12(b)(6), it should require a more definite statement pursuant to Rule 12(e).  As the previous section demonstrates, Plaintiff's allegations are so vague and conclusory that the City of Fresno cannot adequately respond to the allegations.  See <u>Crawford-EL v. Britton</u> (1998) 523 U.S. 574, 597-8, 118 S.Ct. 1584, 1596-1597; <u>Judge v. City of Lowell</u> (1st Cir. 1998) 160 F.3d 67, 74, fn. 9.  At this point, it is impossible to discern the basis of Plaintiff's claims against the municipality.

Therefore, at a minimum, the Court should require Plaintiff to amend his allegations to provide a more definite statement of his claim.[3]

B.    **Plaintiff Cannot Prevail on His Claim for Violation of Labor Code Section 1102.5**

---

[3]  In passing, Plaintiff also asserts a claim under the Fourteenth Amendment, and appears to assert that Defendants violated his rights under the Equal Protection Clause by treating him differently for having exercised his rights to free speech.

To state a claim under 42 U.S.C. Section 1983 for a violation of the Equal Protection Clause, a plaintiff must show that the defendant acted with an intent or purpose to discriminate against plaintiff based upon membership in a protected class. <u>Barren v. Harrington</u> (9th Cir. 1998) 152 F.3d 1193, 1194; <u>Serrano v. Francis</u> (9th Cir. 2003) 345 F.3d 1071, 1082.  Intentional discrimination means that a defendant acted at least in part because of plaintiff's protected status. <u>Id</u>.

In his Second Amended Complaint, Plaintiff does not allege that he is a member of a protected class.  Therefore, his allegations are insufficient to maintain a claim.  To the extent Plaintiff is attempting to salvage his 1983 claim by asserting a "class of one" equal protection claim under <u>Village of Willowbrook v. Olech</u> (2000) 528 U.S. 562, 120 S.Ct. 1073, Plaintiff's reliance on <u>Willowbrook</u> is misplaced.

First, <u>Willowbrook</u> does not apply to this factual situation.  See <u>Cain v. Tigard-Tualatin School District</u> (D. Or. 2003) 262 F.Supp.2d 1120, 1130.   Even assuming the Court were to apply the <u>Willowbrook</u> "class of one" theory to Plaintiff's claims, Plaintiff has not made sufficient allegations to support such a claim.  In order to plead a <u>Willowbrook</u> "class of one" claim, Plaintiff must <u>allege</u> <u>facts</u> establishing that: (1) he was selectively treated compared with others similarly situated; (2) he was intentionally treated differently from others similarly situated; and (3) there is no rational basis for the difference in treatment. <u>Campagna v. Commonwealth of Massachusetts Dept. of Environmental Protection</u> (D. Mass. 2002) 206 F.Supp.2d 120, 127; <u>Barrington Cove v. Rhode Island Housing</u> (1st Cir. 2001) 246 F.3d 1, 7.  Thus, in pleading such a claim, Plaintiff must allege facts demonstrating he was treated differently than someone who is prima facie identical in all respects. <u>Purze v. Village of Winthrop Harbor</u> (7th Cir. 2002) 286 F.3d 452, 455.

In his Second Amended Complaint, Plaintiff does not allege any facts to support his claim of differential treatment compared to others similarly situated.

1
2
3
4

In his Second Amended Complaint, Plaintiff attempts to bring a claim against the City of Fresno for violation of California Labor Code Section 1102.5. However, any claim for violation of Section 1102.5 is under the jurisdiction of the Labor Commissioner and/or is barred by the statute of limitations.

5     ////
6     ////
7     ////
8     ////

9                    **1.     This Court Does Not Have Jurisdiction to Hear Claim**

10
11
12

A claim for violation of Labor Code Section 1102.5 is within the province of the Labor Commissioner. California Labor Code Sections 98.6, 98.7. Thus, this Court is without jurisdiction to hear the claim.

13

14                    **2.     No Causal Link Can be Alleged**

15
16
17
18
19
20
21
22
23
24
25

According to Plaintiff's Second Amended Complaint, his whistle blowing activities took place in August, 1996, December, 1996 and on March 12, 2002. (SAC, ¶¶ 16-31, ¶ 38 and ¶ 57). The alleged retaliatory act allegedly took place on July 6, 2004. (SAC, ¶ 57). Thus, the alleged whistle blowing activities took place **2 ⅓ to 8 years** prior to the alleged adverse action. Such a causal link fails as a matter of law. See <u>Maniccia v. Brown</u> (11th Cir. 1999) 171 F.3d 1364, 1370 ["The more than 15-month period that elapsed between [the] grievance and the alleged adverse employment actions belies [plt's] assertion that the former caused the latter"]; <u>Morris v. Lindau</u> (2d Cir. 1999) 196 F.3d 102, 113 [two years between protected speech and discharge too long]; <u>Causey v. Balog</u> (4th Cir. 1998) 162 F.3d 795, 803 ["A thirteen month interval between the charge and termination is too long to establish causation absent other evidence of retaliation"].

26

27                    **3.     Claim is Barred by Statute of Limitations**

28

In addition, Governmental entities are immune from being sued unless the

legislature has specifically provided otherwise.  The California Government Code sets forth the limited circumstances under which a municipality may be sued and the applicable procedural requirements.

Under Government Code Section 945.4, a municipality cannot be sued for money or damages unless a government claim is filed.  Thus, a jurisdictional prerequisite to maintaining a civil action against a municipality is the timely presentation of a written claim for damages and the City's rejection of the claim in whole or in part.  Government Code Sections 905 and 945.4.  Claims sounding in tort must be presented within six months of the accrual of the cause of action, and contract claims must be presented within a year of the accrual of the cause of action.  Government Code Section 911.2.  The claims presentation requirement applies to claims for breach of statutory duties.  San Leandro Police Officers' Association v. City of San Leandro (1976) 55 Cal.App.3d 553, 559.

The alleged whistleblowing and reprisals took place before December, 2002.  However, Plaintiff did not file a government claim until November 1, 2004 (SAC, ¶ 51) – over sixteen months too late.  Plaintiff's lack of diligence in filing the claim is fatal to this cause of action.  See Government Code Section 945.4.

**C.    Plaintiff Cannot Prevail on His Claim for Violation of Government Code Section 53298**

Plaintiff next attempts to proceed under California Government Code Section 53296, et seq., which relates to reprisals for filing a government complaint relating to gross mismanagement, a significant waste of funds, an abuse of authority, or a substantial and specific danger to public health and safety.  This claim fails as against all of the Defendants.

**1.    Plaintiff Cannot Proceed Against the City**

The statutory provisions upon which Plaintiff relies does not allow for a claim against the City.  California Government Code Section 53298.5(b)  states, in pertinent

17

part:

> In no way, shall the provisions of this article establish any liability for punitive damages or any new cause of action against the local public entity other than liabilities contained in existing law.

Thus, any action against the City under this code section is specifically excluded and should be dismissed.

////

### 2.    Plaintiff Cannot Proceed Against the Individuals

Under the statute, Plaintiff has to establish the following:

1.    Plaintiff filed a complaint with a local agency regarding gross mismanagement, a significant waste of funds, an abuse of authority, or a specific and substantial danger to public health or safety.  Gov't. Code Sections 53296(c), (d), 53297;

2.    The government complaint was filed under penalty of perjury.  Gov't. Code Section 53297(d);

3.    The complaint was filed within sixty (60) days of the underlying act. Gov't. Code Sections 53297(a), (b);

4.    Plaintiff exhausted all administrative procedures.  Gov't. Code Section 53297(b);

5.    Plaintiff's complaint did not violate the disclosure rules of the entity.  Gov't. Code Section 53298(b); and

6.    An officer, manager or supervisor took a reprisal action against the plaintiff for filing the complaint.  Gov't. Code Section 53298(a).

Plaintiff has not come close to making the requisite allegations to support a cause of action against any of the six individual defendants.

### 3.    Claim is Barred by Statute of Limitations

Governmental entities are immune from being sued unless the legislature has specifically provided otherwise.  The Government Code sets forth the limited circumstances under which a municipality may be sued and the applicable procedural requirements.

Under Government Code Section 945.4, a municipality cannot be sued for money or damages unless a government claim is filed.  Thus, a jurisdictional prerequisite to maintaining a civil action against a municipality is the timely presentation of a written claim for damages and the City's rejection of the claim in whole or in part.  Government Code Sections 905 and 945.4.  Claims sounding in tort must be presented within six months of the accrual of the cause of action, and contract claims must be presented within a year of the accrual of the cause of action.  Government Code Section 911.2.  The claims presentation requirement applies to claims for breach of statutory duties.  <u>San Leandro Police Officers' Association v. City of San Leandro</u> (1976) 55 Cal.App.3d 553, 559.

The alleged whistleblowing and reprisals took place before December, 2002.  However, Plaintiff did not file a government claim until November 1, 2004 (SAC, ¶ 62) – over <u>sixteen</u> months too late.  Plaintiff's lack of diligence in filing the claim is fatal to this cause of action.  See Government Code Section 945.4.

**D.    This Court Should Strike Numerous Allegations in the First Amended Complaint**

**1.    Punitive Damages as to Individual Defendants**

**a.    As to 1983 Claim**

Punitive damages are allowed under Section 1983 "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  <u>Smith v. Wade</u> (1983) 461 U.S. 30, 56, 103 S.Ct. 1625, 1640.

Plaintiff's allegations are insufficient to meet this standard as to all six individual Defendants.  As a result, punitive damages should be precluded.

### b.    As to Whistleblower Claims

Under state law, Plaintiff must plead facts, not mere conclusions of law, to support a claim for punitive damages.  Logan v. Southern California Rapid Transit District (1982) 136 Cal.App.3d 116, 126.  Under Government Code Section 53298.5, punitive damages may be awarded where the offending party has acted with malice.  Malice is defined as conduct which is intended by the defendant to cause injury to the plaintiff or despicable "conduct which is carried on by the defendant with a willful and conscious disregard of the rights or safety of others." Civil Code Section 3294(c)(1).

As set forth in Noonan v. Rousselot (1966) 239 Cal.App.2d 477, the pleading must allege specific facts, which indicate the existence of personal malice.  The Court in Ebaugh v. Rabkin (1972) 22 Cal.App.3d 891, stated:

> The malice required implies an act conceived in a **spirit of mischief or criminal indifference** toward the obligations of others.  There must be intent to vex, annoy or injure.  Mere spite or ill will is not sufficient; and **mere negligence, even gross negligence is not sufficient to justify an award.** [citations omitted].[Emphasis added.]

Plaintiff has not alleged facts sufficient to constitute malice as to any of the ten individuals.  As a result, the request for punitive damages should be stricken.

### 2.    Sham Allegations in Paragraph 41

The law is clear that a Court is not required to accept as true allegations in an amended complaint which, without any explanation, contradict an earlier complaint.  In such a circumstance, the Court may strike the changed allegation as being a false or sham pleading.  Bradley v. Chiron Corp. (F. Cir. 1998) 136 F.3d 1317, 1324; Ellingson v. Burlington Northern, Inc. (9th Cir. 1981) 653 F.2d 1327, 1329-1330.  This is precisely what Plaintiff has done with respect to the Second Amended Complaint.

In his Complaint and First Amended Complaint, Plaintiff alleged that the City and Individual Defendants committed retaliatory acts by failing to promote Plaintiff on several occasions between June, 1997 to January, 2002.  (RJN, Exs. A and B, ¶ 31).

In paragraph 31 of the Complaint, Plaintiff alleges as follows:

Between, approximately **June, 1997 to January 2002**, NEVEU applied for various Special Units, passed the required tests and was put on eligibility lists, but was always skipped over.  NEVEU was informed that at staff meetings, Captain WEST and Deputy Chief FIFIELD always disapproved fo any promotion or selection of NEVEU to the respective Special Unit, despite NEVEU'S record and commendations.  NEVEU was informed that each time NEVEU'S name had come up for any Special Units in the past, it had always been with praise, but that WEST and FIFIELD denied the promotion or selection stating on that "NEVEU had problems in the Explorer Post." [Emphasis added.]

In paragraph 31 of the First Amended Complaint, Plaintiff made the identical allegations:

Between, approximately **June, 1997 to January 2002**, NEVEU applied for various Special Units, passed the required tests and was put on eligibility lists, but was always skipped over.  NEVEU was informed that at staff meetings, Captain WEST and Deputy Chief FIFIELD always disapproved fo any promotion or selection of NEVEU to the respective Special Unit, despite NEVEU'S record and commendations.  NEVEU was informed that each time NEVEU'S name had come up for any Special Units in the past, it had always been with praise, but that WEST and FIFIELD denied the promotion or selection stating on that "NEVEU had problems in the Explorer Post." [Emphasis added.]

Thereafter, Defendants raised  in its previous motion to dismiss that Plaintiff's allegations were barred by the statute of limitations as the alleged misconduct took place prior to November, 2002.  (RJN, Ex. C, pp. 6-7).

In response, without explanation, Plaintiff filed a Second Amended Complaint which now alleges entirely new dates and attempts to circumvent the statute of limitations.  In the Second Amended Complaint, Plaintiff alleges as follows:

Between, approximately **June 1997 to December 2002**, Defendants WEST, FIFIELD, GUTHRIE and GARNER engaged in a series of related continuing retaliatory acts.  Specifically, NEVEU applied for various promotions and selections to prestigious Special Units, passed the required tests and was put on eligibility lists, but was always skipped over. . . . [Emphasis added.]

Such transparent attempts to salvage a claim was discussed in Bradley, supra,

21

136 F.3d at 1324:

////

The court drew analogy to <u>Schwartz v. Esmark, Inc.</u>, No. 78-C-1909 (N.D.Ill. Mar. 31, 1990) wherein a plaintiff, in order to avoid dismissal of his case due to the lapsing of the statute of limitations, amended his complaint and changed his account of when certain events occurred. The court in <u>Schwartz</u> remarked that the "plaintiff could not, in good faith, have so diametrically reversed his recollection and position between the time of the filing of his original compliant and that of his second amended pleading."

Such allegations clearly constitute a sham pleading in order to circumvent the statute of limitations and should be stricken.

### 3.    <u>Alleged Adverse Actions Taken Before November 1, 2002</u>

The longest potential statute of limitations is two years. See California Code of Civil Procedure Section 355.1; California Government Code, Section 945.4). Therefore, Plaintiff should be precluded from asserting any claims based on events that took place prior to November 1, 2002.

To the extent that Plaintiff attempts to utilize the continuing violations doctrine to salvage his claim, his contention is misplaced.

As the United States Supreme Court in <u>National R.R. Passenger Corp. v. Morgan</u> (2002) 536 U.S. 101, 122 S. Ct. 2001 makes clear, the continuing violation doctrine does not apply to discrete acts, even if they are related to other acts which are not time barred. 122 S.Ct. at 2072. The Ninth Circuit and this District has applied <u>Morgan</u> to Section 1983 actions.    See

<u>RK</u>

<u>Ventur</u>

<u>es,</u>

<u>Inc. v.</u>

<u>City of</u>

<u>Seattl</u>

22                                    Pts & Auth Supp Def Mtn Dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

e (9th
Cir.
2002)
307
F.3d
1045,
1061
[rejecti
ng
plaintif
f's
analo
gy of
a
hostile
work
enviro
nment
claim
to a
claim
where
a
munici
pality
subjec
ted
plaintif

23

f to a
patter
n of
hostile
or
haras
sing
condu
ct,
conclu
ding
that
the
latter
were
discret
e acts,
action
able
on
their
own,
rather
than a
series
of
separ
ate

24

acts that collectively constituted one unlawful practice]; _Carpinteria Valley Farms, Ltd. v. County of Santa Barbara_ (9th Cir. 2003) 344 F.3d 822 [rejecti

ng the contin uing violati on theory where plaintif f allege d seven incide nts of selecti ve enforc ement by City, in

////

////

violation of his equal protection rights, finding that the incidents were discrete acts];

Thompson v. City of Shasta Lake (E.D. Cal. 2004) 314 F.Supp.2d 1017, 1027.

Thus, all the alleged adverse actions taken by the City before November 2, 2002, are time barred, even if such acts are closely related to other discrete acts occurring after November 2, 2002.

Pts & Auth Supp Def Mtn Dismiss

4.    **Allegations Relating to Mata (SAC, ¶¶ 16-28)**

a.    **Not Relevant to 1983 Claim**

In paragraphs 13-25, Plaintiff asserts a 1983 violation based on a dispute between the Internal Affairs Division and his chain of command as to whether he should report issues relating to Officer Mata in writing.  Plaintiff abided by the instructions of Internal Affairs.

First Amendment retaliation requires speech on an issue of public concern. Frank v. Relin (2nd Cir. 1993) 1 F.3d 1317, 1328.  This determination is a matter of law. Id. at 1329.

A discrepancy in how to perform one's job does not meet the requisite threshold, and is unprotected speech.  See Gonzales v. City of Chicago (7th Cir. 2001) 239 F.3d 939 [police reports that are drafted as part of duty are not protected]; Weisbuch v. County of Los Angeles (9th Cir. 1997) 119 F.3d 778, 782 [disagreement about how office is run is not a matter of public concern]; Koch v. City of Hutchinson (10th Cir. 1988) 847 F.2d 1436.

The First Amendment does not protect against complaints about internal office affairs.  Weisbuch, supra, 119 F.3d at 782.  This is emphasized by the Supreme Court in Corrick, supra, 461 U.S. at 147-9:

> To presume that all matters which transpire within a government office are of public concern would mean that virtually every remark and certainly every criticism directed at a public official would plant the seed of a constitutional case.  While as a matter of good judgment, public officials should be receptive to constructive criticism offered by their employees, the First Amendment does not require a public office to be run as a roundtable for employee complaints over internal office affairs.

As the foregoing demonstrates, an issue about whether a report should be in writing is not a matter of public concern, and thus the allegations should be stricken.

b.    **Not Relevant to Whistleblower Claims**

These allegations have no relationship to the alleged whistleblowing activities,

27

and thus should be stricken.

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully requests that this Court dismiss Plaintiff's Second Amended Complaint pursuant to Rule 12(b)(1), (2) and (6); or in the alternative, order a more definite statement pursuant to Rule 12(e).  In addition, this Court should strike the requested provisions of Plaintiff's Second Amended Complaint.


Dated: March 25, 2005                    Respectfully submitted,

                                         BETTS & WRIGHT


                                         By _____/S/_____
                                                 Joseph D. Rubin
                                         Attorneys for Defendants
                                         CITY OF FRESNO, JERRY DYER, MICHAEL
                                         GUTHRIE, GREG GARNER, DARREL
                                         FIFIELD, MARTY WEST, and ROGER
                                         ENMARK

Pts & Auth Supp Def Mtn Dismiss

<u>PROOF OF SERVICE</u>

I am a citizen of the United States of America, a resident of Fresno County, California, over the age of 18 years and not a party to the within-entitled cause or matter. My business address is P. O. Box 28550 [7108 N. Fresno Street, Suite 460], Fresno, California. On March 25, 2005, I served **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CITY OF FRESNO'S MOTION TO DISMISS SECOND AMENDED COMPLAINT; FOR MORE DEFINITE STATEMENT; AND TO STRIKE PORTIONS OF THE SECOND AMENDED COMPLAINT** on the parties in this action by placing an original/a true copy in an envelope and delivering it as follows:

\_\_\_\_\_        **(By Overnight Courier)** I caused such envelope with postage fully prepaid, to be sent by _____.

\_\_\_\_\_        **(By Mail)** I deposited the envelope, with postage fully prepaid, with the United States Postal Service at Fresno, Fresno County, California.

\_X\_\_        **(By Mail)** I placed the envelope for collection and processing for mailing following this business' ordinary practice with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

\_\_\_\_\_        **(By Hand)** I caused each envelope to be delivered by hand.

Each envelope was addressed as follows:

Dieter C. Dammeier, Esq.
Michael A. McGill, Esq.
Michael A. Morguess, Esq.
LACKIE & DAMMEIER LLP
367 North Second Avenue
Upland, CA 91786


\_\_\_        **(By Telecopy)** I caused each document to be sent by telecopier to the aforementioned number(s).

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 25, 2005, at Fresno, California.

_____/s/_____
Laurie K. Freer

Pts & Auth Supp Def Mtn Dismiss

1

# TABLE OF CONTENTS

I.    PRELIMINARY STATEMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.   ARGUMENT  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Plaintiff Cannot Maintain a Cause of Action for Violation
        of 42 U.S.C. Section 1983 as a Matter of Law  . . . . . . . . . . . . . . . . . . . 2

        1.  Plaintiff's Cause of Action for Violation of 42 U.S.C.
            Section 1983 is Barred by the Statute of Limitations  . . . . . . . . . 2

            a.  Standards for Raising an Affirmative Defense
                Under Rule 12  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

            b.  Summary of Allegations . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

                i.   Alleged Acts Involving Free Speech  . . . . . . . . . . . . 3

                ii.  Adverse Employment Actions  . . . . . . . . . . . . . . . . 4

            c.  Purpose Behind Statute of Limitations . . . . . . . . . . . . . . . 5

            d.  Applicable Statute of Limitations  . . . . . . . . . . . . . . . . . . . 5

            e.  At a Minimum, Court Should Preclude Allegations
                of any Alleged Adverse Action Taken Before
                November 1, 2002  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        2.  Plaintiff Cannot Maintain an Individual Capacity Suit
            Against the Individual Defendants as a Matter of Law  . . . . . . . . 7

            a.  Standards Pertaining to the Rights of Government
                Employers as to the Free Speech of its Employees  . . . . . 7

            b.  Elements of First Amendment Retaliation Claim  . . . . . . . . 8

            c.  Plaintiff Cannot Assert Individual Liability Claim
                Against Greg Garner  . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

                i.   Summary of Allegations  . . . . . . . . . . . . . . . . . . . . 9

                ii.  Allegations are Insufficient to Establish Liability  . . . 9

            d.  Plaintiff Cannot Assert Individual Liability Against
                Jerry Dyer  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

                i.   Summary of Allegations  . . . . . . . . . . . . . . . . . . . 10

                ii.  Allegations Are Insufficient to Establish Liability  . . 11

            e.  Plaintiff Cannot Assert Individual Liability Against
                Roger Enmark  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

                i.   Summary of Allegations  . . . . . . . . . . . . . . . . . . . 11

i

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii.    Allegations Are Insufficient to Establish Liability . .    11

3.    Plaintiff's Cause Of Action For Violation Of 42 U.S.C.
Section 1983 As Against the City of Fresno Fails As A
Matter Of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

a.    Plaintiff Cannot Maintain a Claim Against a
Municipality  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    12

b.    In the Alternative, This Court Should Order a More
Definite Statement  . . . . . . . . . . . . . . . . . . . . . . . . . . .    15

B.    Plaintiff Cannot Prevail on His Claim for Violation of Labor Code
Section 1102.5  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    16

1.    This Court Does Not Have Jurisdiction to Hear Claim  . . . . . . . .    17

2.    No Causal Link Can be Alleged  . . . . . . . . . . . . . . . . . . . . . . . . .    17

3.    Claim is Barred by Statute of Limitations  . . . . . . . . . . . . . . . . . .    17

C.    Plaintiff Cannot Prevail on His Claim for Violation of Government
Code Section 53298  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    18

1.    Plaintiff Cannot Proceed Against the City . . . . . . . . . . . . . . . . . .    18

2.    Plaintiff Cannot Proceed Against the Individuals  . . . . . . . . . . . .    19

3.    Claim is Barred by Statute of Limitations  . . . . . . . . . . . . . . . . . .    19

D.    This Court Should Strike Numerous Allegations in the First
Amended Complaint  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    20

1.    Punitive Damages as to Individual Defendants  . . . . . . . . . . . . .    20

a.    As to 1983 Claim  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    20

b.    As to Whistleblower Claims  . . . . . . . . . . . . . . . . . . . . . .    20

2.    Sham Allegations in Paragraph 41  . . . . . . . . . . . . . . . . . . . . . . .    21

3.    Alleged Adverse Actions Taken Before
November 1, 2002  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    23

4.    Allegations Relating to Mata (SAC, ¶ ¶ 16-28) . . . . . . . . . . . . .    24

a.    Not Relevant to 1983 Claim . . . . . . . . . . . . . . . . . . . . . .    24

b.    Not Relevant to Whistleblower Claims . . . . . . . . . . . . . .    25

III.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .    25

Pts & Auth Supp Def Mtn Dismiss

1

## TABLE OF AUTHORITIES

2

### CASES

Abbott v. Village of Winthrop Harbor
(7th Cir. 2000) 205 F.3d 976 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Albright v. Oliver
(1994) 510 U.S. 266 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 12

Alpha Energy Savers, Inc. v. Hansen
(9th Cir. 2004) 381 F.3d 917 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Anthony v. City of New York
(2nd Cir. 2003) 339 F.3d 129 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Balistreri v. Pacifica Police Dept.
(9th Cir. 1988) 901 F.2d. 696 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Barren v. Harrington
(9th Cir. 1998) 152 F.3d 1193 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Barrington Cove v. Rhode Island Housing
(1st Cir. 2001) 246 F.3d 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Bates v. McLay
(D. Mass 2004) 321 F.Supp. 173 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Beattie v. Madison County School District
(5th Cir. 2001) 254 F.3d 595 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Bechtel v. City of Belton
(8th Cir. 2001) 250 F.3d 1157 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Board of Regents v. Tomanio
(1980) 446 U.S. 478 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Bradley v. Chiron Corp.
(F. Cir. 1998) 136 F.3d 1317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21, 22

Breaux v. City of Garland
(5th Cir. 2000) 205 F.3d 150 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Brewster v. Board of Education of the Lynwood Unified School District
(9th Cir. 1998) 149 F.3d 971 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Brown v. Newmann
(11th Cir. 1999) 188 F.3d 1289 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Cain v. Tigard-Tualatin School District
(D. Or. 2003) 262 F.Supp.2d 1120 . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Carpinteria Valley Farms, Ltd. v. County of Santa Barbara
(9th Cir. 2003) 344 F.3d 822 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Carrero v. New York City Housing Authority
    (2d Cir. 1989) 890 F.2d 569 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

City of Huntington Park v. Superior Court
    (1995) 34 Cal.App.4th 1293 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

City of St. Louis v. Praprotnik
    (1988) 485 U.S. 112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Coffin v. Safeway, Inc.
    (D. Ariz. 2004) 323 F.Supp.2d 997 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Coleman v. Houston Independent School District
    (9th Cir. 1997) 113 F.3d 528 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Collyer v. Darling
    (6th Cir. 1996) 98 F.3d 211 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Corrick v. Meyers
    (1983) 461 U.S. 138 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 24

Crawford-EL v. Britton
    (1998) 523 U.S. 574 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Davis v. Bucher
    (9th Cir. 1988) 853 F.2d 718 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Delaware State College v. Ricks
    (1980) 449 U.S. 250 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Douglas v. Douglas
    (1951) 103 Cal.App.2d 29 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Duffy v. McPhillips
    (8th Cir. 2002) 276 F.3d 988 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Ebaugh v. Rabkin
    (1972) 22 Cal.App.3d 891 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Ellingson v. Burlington Northern, Inc.
    (9th Cir. 1981) 653 F.2d 1327 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Farrar v. Hobby
    (1992) 506 U.S. 103, 112 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Frank v. Relin
    (2nd Cir. 1993) 1 F.3d 1317 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Ghosh v. Southern Illinois University
    (C.D. Ill. 2004) 331 F.Supp.2d 708 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Gonzales v. City of Chicago
    (7th Cir. 2001) 239 F.3d 939 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Harrington v. Harris
    (5th Cir. 1997) 118 F.3d 359 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9, 11

iv

Henrise v. Horvath
     (N.D. Tex. 2000) 94 F.Supp.2d 768 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Jackson v. Cedars-Sinai Medical Center
     (1990) 220 Cal.App.3d 1315 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Johnson v. Louisiana
     (5th Cir. 2004) 369 F.3d 826 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

Jones v. Fitzgerald
     (8th Cir. 2002) 285 F.3d 705 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

Judge v. City of Lowell
     (1st Cir. 1998) 160 F.3d 67 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Kaiser Foundation Hospitals v. W.C.A.B.
     (1985) 39 Cal.3d 57 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Knox v. Davis
     (9th Cir. 2001) 260 F.3d 1009, 103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Knox v. Southwest Airlines
     (9th Cir. 1997) 124 F.3d 1103 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Koch v. City of Hutchinson
     (10th Cir. 1988) 847 F.2d 1436. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

Loeffler v. Wright
     (1910) 13 Cal.App. 224 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Logan v. Southern California Rapid Transit District
     (1982) 136 Cal.App.3d 116 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Looper Maintenance Service v. City of Indianapolis
     (7th Cir. 1999) 197 F.3d 908 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Mandel v. Doe
     (11th Cir. 1989) 888 F.2d 783 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

Manor Healthcare Corp. v. Lomelo
     (11th Cir. 1991) F.2d 633 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

McCormick v. City of Chicago
     (7th Cir. 2000) 230 F.3d 319 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

Mitchell v. Forsyth
     (1985) 472 U.S. 511 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

Monell v. New York Dept. of Social Services
     (1978) 436 U.S. 658 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8, 13

National R.R. Passenger Corp. v. Morgan
     (2002) 536 U.S. 101 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 23

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Noonan v. Rousselot
    (1966) 239 Cal.App.2d 477 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

Nunez v. City of Los Angeles
    (9th Cir. 1998) 147 F.3d 867 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Purze v. Village of Winthrop Harbor
    (7th Cir. 2002) 286 F.3d 452 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Railroad Telegraphers v. Railway Express Agency, Inc.
    (1944) 321 U.S. 342 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

RK Ventures, Inc. v. City of Seattle
    (9th Cir. 2002) 307 F.3d 1045 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

San Leandro Police Officers' Association v. City of San Leandro
    (1976) 55 Cal.App.3d 553 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  18, 20

Scala v. City of Winter Park
    (11th Cir. 1997) 116 F.3d 1396 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Scheuer v. Rhodes
    (1974) 416 U.S. 232 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

Serrano v. Francis
    (9th Cir. 2003) 345 F.3d 1071 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Smith v. Wade
    (1983) 461 U.S. 30, 56, 103 S.Ct. 1625 . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20

Smock v. Nolan
    (7th Cir. 2004) 361 F.3d 367 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  9

Soto v. Schembri
    (S.D. N.Y. 1997) 960 F.Supp. 751 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  7, 14

Spiller v. City of Texas City, Police Dep't.
    (5th Cir. 1997) 130 F.3d 162 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  15

Thomas v. City of Beaverton
    (9th Cir. 2004) 379 F.3d 802 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Thompson v. City of Los Angeles
    (9th Cir. 1989) 885 F.2d 1439 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13

Thompson v. City of Shasta Lake
    (E.D. Cal. 2004) 314 F.Supp.2d 1017 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  24

Tyler v. City of Mountain Home
    (8th Cir. 1995) 72 F.3d 568 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

Village of Willowbrook v. Olech
    (2000) 528 U.S. 562 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16

Wagner v. City of Holyoke
    (D. Mass. 2003) 241 F.Supp.2d 78 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

            Pts & Auth Supp Def Mtn Dismiss

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

<u>Waters v. Churchill</u>
(1994) 511 U.S. 661 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

<u>Weisbuch v. County of L.A.</u>
(9th Cir. 1997) 119 F.3d 778 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 24

<u>West Shield Investigations & Security Consultants v. Superior Court</u>
(2000) 82 Cal.App.4th 935 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

<u>Wilson v. Garcia</u>
(1985) 471 U.S. 261 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

<u>Wright v. U.S. Army</u>
(D. Ariz. 2004) 307 F.Supp.2d 1065 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

## **STATUTES**

42 U.S.C. Section 1983 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

Civil Code Section 3294(c)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

Code of Civil Procedure Section 355.1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 23

Code of Civil Procedure Section 340(3) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

Government Code Sections 905 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

Government Code Section 911.2. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20

Government Code Section 945.4. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18, 20, 23

Government Code Section 53296(c), (d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Government Code Section 53297 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Government Code Section 53297(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Government Code Section 53297(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Government Code Section 53297(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Government Code Section 53298(a) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Government Code Section 53298(b) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 19

Government Code Section 53298.5 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

Government Section Code Section 53298.5(b) . . . . . . . . . . . . . . . . . . . . . . . . . 18

Government Code Section 54980 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

Labor Code Section 98.6 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Labor Code Section 98.7 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

Pts & Auth Supp Def Mtn Dismiss

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## OTHER AUTHORITIES

Fresno City Charter, Section 909.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Fresno City Charter, Section 400.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Fresno City Charter, Section 500.  . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

Pts & Auth Supp Def Mtn Dismiss