IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL NEVEU,<br><br>     Plaintiff,<br><br>vs.<br><br>CITY OF FRESNO, et al,<br><br>     Defendants.<br>_____/ | CASE NO. CV-F-04-6490-OWW-WMW<br><br>**ORDER ON PLAINTIFFS' COUNSEL'S EX PARTE MOTION TO WITHDRAW** (Doc. 158) |

On August 17, 2007, Plaintiff Michael Neveu's counsel filed an ex parte application to withdraw as counsel. On the same day, the Court issued an order setting a hearing on the motion to be held on August 20, 2007 at 11:00 a.m. in Courtroom 3 (OWW). The Honorable Oliver W. Wanger specially re-assigned the hearing on this matter (only) to Courtroom 4 (LJO). A hearing on the motion took place on August 20, 2007 at 11:45 a.m. in Courtroom 4 (LJO). Plaintiff Michael Neveu was present. Plaintiff's counsel Michael A. McGill appeared on behalf of Lackie and Dammeier LLP.

This Court's Local Rule 83-182(b) provides in pertinent part:

> an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and written notice to the client and all other parties who have appeared. The attorney shall provide an affidavit stating the current or last known address or addresses of the client and efforts made to notify the client of the motion to withdraw. Withdrawal as attorney is governed by the Rules of Professional Conduct of the State Bar of California, and the attorney shall conform to the requirements of those Rules. The authority and duty of the attorney of record shall continue until relieved by order of the Court issued hereunder. Leave to withdraw may be granted subject to such appropriate conditions as the Court deems fit.

Counsel argued that withdrawal was mandatory pursuant to California Rules of Professional Conduct, Rule 3-700(B), which holds

> **(B) Mandatory Withdrawal** A member representing a client before a tribunal shall withdraw from employment with the permission of the tribunal, if required by its rules, and a member representing a client in other matters shall withdraw from employment, if:

**(1)** The member knows or should know that the client is bringing an action, conducting a defense, asserting a position in litigation, or taking an appeal, without probable cause and for the purpose of harassing or maliciously injuring any person; or

**(2)** The member knows or should know that continued employment will result in violation of these rules or of the State Bar Act;

Rule 3-700(c) addresses permissive withdrawal and states in pertinent part:

> a member may not request permission to withdraw in matters pending before a tribunal . . . unless such request or such withdrawal is because:
> (1) The client
> . . .
> (a) insists upon presenting a claim or defense that is not warranted under existing law . . .
> (b) by other conduct renders it unreasonably difficult for the member to carry out the employment effectively . . .

Counsel sought to withdraw as counsel "as a result of a complete breakdown of the attorney-client relationship" which, he maintained, rendered further presentation impossible. Counsel declared that because of counsel's obligation to preserve attorney-client confidentiality, the details of the underlying facts as they relate to this motion can not be expressed; however, Counsel also indicated that he and Plaintiff did not agree with strategic legal decisions made in the case.

At the hearing, Plaintiff indicated that he was neither supporting nor opposing the motion. Plaintiff stated that he did not want to fire his attorney and did not want his attorney to withdraw, but also did not want to force his counsel to represent him under the circumstances.

"The question of granting or denying an application of an attorney to withdraw as counsel . . . is one which lies within the sound discretion of the trial court having in mind whether such withdrawal might work an injustice in the handling of the case.'" *People v. Prince*, 268 Cal. App.2d 398, 406-407 (1968). The Court considered several factors in deciding this motion, including: (1) the trial is set for September 11, 2007, less than one month from this date, (2) the likelihood that the trial date will remain as set, (3) the probability that Plaintiff will be left in pro per, (4) the probability that Plaintiff would find willing substitute counsel who could render assistance in a jury trial scheduled a few weeks away; (5) counsel's indication that a personality clash between counsel and client has existed for over two years

without anyone's seeking a change in the legal relationship, or any alternative recourse from the court; and (6) the ability of Counsel and Plaintiff to work together.

Ultimately, the Court determined that Counsel sought this motion to withdraw because of Plaintiff's interference with Counsel's legal, strategic and professional decision-making process. On the record, Plaintiff gave Counsel "carte blanche" to make all further legal, strategic and moral decisions in the case. Thus, Plaintiff agreed that he would not interfere with Counsel in these areas. Because Counsel has complete and full authority in the case, he may now proceed to rectify any moral or legal concerns he has with the claims and/or parties. Therefore, the grounds upon which this motion was based were diminished, if not eliminated. While it is clear that counsel does not wish the relationship to continue, that wish is not tantamount to being unable to communicate and/or represent the plaintiff. The Court further orders that should change his mind about allowing his attorney to make the strategical and legal decisions in this case, that Plaintiff must put in writing a revocation of the unequivocal authority for Counsel to make all future decisions. The Court has indicated that it is willing to make itself available should that improbable scenario occur for an on-the-record and immediate hearing.

Because the record reflects that Plaintiff gives unequivocal authority to Counsel to make all legal, strategic, and moral decisions in this case, and because this trial will proceed in less than a month, this Court does not find that good cause exists to grant a motion to withdraw. Accordingly, this Court ORDERS:

Plaintiff's counsel's motion to withdraw is DENIED.

IT IS SO ORDERED.

**Dated:   August 20, 2007**                    /s/ Lawrence J. O'Neill
                                                UNITED STATES DISTRICT JUDGE