1  **BETTS & WRIGHT, A Professional Corporation**
   Attorneys at Law
2  P.O. Box 28550
   Fresno, CA 93729-8550
3  Telephone: (559) 438-8500
   Facsimile:  (559) 438-6959
4
   James B. Betts (State Bar #110222)
5  Joseph D. Rubin (State Bar #149920)

6  **CITY OF FRESNO**
   Francine M. Kanne, Assistant City Attorney (State Bar #139028)
7  2600 Fresno Street
   Fresno, California 93721-3602
8  Telephone: (559) 498-1326
   Facsimile: (559) 488-1084
9
   Attorneys for Defendants CITY OF FRESNO, MICHAEL GUTHRIE, MARTY WEST,
10 and ROGER ENMARK

11

12              UNITED STATES DISTRICT COURT

13              EASTERN DISTRICT OF CALIFORNIA

14

| | |
|---|---|
| MICHAEL NEVEU, | Case No. CIV-F-04-6490 OWW/JLD |
| Plaintiff, | ORDER RE MOTIONS IN LIMINE |
| v. | |
| CITY OF FRESNO, a municipality; JERRY DYER, individually; MICHAEL GUTHRIE, individually; GREG GARNER, individually; DARREL FIFIELD, individually; MARTY WEST, individually; ROGER ENMARK, individually; and DOES 1 through 10, | |
| Defendants. | |

On November 19, 2007, a motion in limine conference was held in this matter. K. Poncho Baker appeared for Plaintiff Michael Neveu. James B. Betts and Joseph D. Rubin appeared for Defendants City of Fresno, Michael Guthrie, Marty West and Roger Enmark.

Based upon the Court's review of the filed motions and argument of counsel, the Court ORDERS AS FOLLOWS:

1.	The Court denies without prejudice Defendants' Motion in Limine (No. 1) to exclude character evidence about Plaintiff;

2.	The Court grants Defendants' Motion in Limine (No. 2) to exclude evidence of insurance.

3.	The Court grants Defendants' Motion in Limine (No. 3) to exclude evidence relating to other lawsuit(s), claims of first amendment retaliation or civil rights violations and/or employee grievances involving defendants.

4.	The Court grants Defendants' Motion in Limine (No. 4) regarding trial publicity.

5.	The Court grants in part Defendants' Motion in Limine (No. 5) to: (1) limit alleged first amendment speech to Mata and testimony before the civil service board and related communications with Capt. Garner; and (2) limit alleged adverse actions to paid administrative leave and selections to CNT and DCST between November 1, 2002 and December 1, 2002.  In addition, the Court specifically excludes evidence of the asserted recent adverse action which required Plaintiff to retest to carry his firearm.

6.	The Court grants Motion in Limine (No. 6) to preclude Plaintiff from offering any evidence of any claim against Defendant West based on paid administrative leave and any claim against Defendant Enmark and Defendant Guthrie based upon selection to special units.  In addition, Plaintiff confirmed no Monell claim is being pursued against the City of Fresno.

7.	The Court grants Defendants' Motion in Limine (No. 7) to preclude Plaintiff from testifying as to what he recalls stating during his testimony before the Civil Service Board, and to limit his testimony to the transcript from that proceeding.

8.	The Court grants Defendants' Motion in Limine (No. 8) to exclude evidence relating to problems with the testing procedures that are unrelated to claims of First Amendment retaliation.  The alleged First Amendment speech relates to testimony that some promotional candidates were unlawfully given the answers prior to taking the practical phase of the promotional exam.

9.      The Court denies, in part, Defendants' Motion in Limine (No. 9) to exclude Plaintiff from using the term "suspended" or "suspension" to describe his paid administrative leave.  Before testifying that he was "suspended" or was on "suspension," Plaintiff must establish the requisite factual foundation for using that term.  In addition, the Court will give a limiting instruction that the term is being used to describe Plaintiff's state of mind, not the legal consequence.

10.     The Court grants Defendants' Motion in Limine (No. 10) to exclude Plaintiff from testifying as to how selections to CNT and DCST were made, unless Plaintiff establishes the requisite foundation that he was involved in the process or has personal knowledge.

11.     The Court grants in part Defendants' Motion in Limine (No. 11) to exclude Plaintiff's testimony that he was more qualified than the other applicants for special units.  Plaintiff is allowed to describe his qualifications and the qualifications of others, if he establishes the requisite factual foundation.  However, Plaintiff is precluded from testifying that he was better qualified.

12.     The Court reserves its ruling on Motion in Limine (No. 12) to exclude evidence of post promotional activities/performance of the promoted individuals.

13.     The Court grants Defendants' Motion in Limine (No. 13) to preclude Plaintiff's counsel from making improper comments to the jury regarding damages; in particular, attempting to put the jurors in the "shoes" of Plaintiff.

14.     The Court grants Defendants' Motion in Limine (No. 14) to bifurcate the amount of punitive damages and motion in limine to exclude evidence of Defendants' financial condition and reference to punitive damages and to prioritize order of proof.  However, it will not be a complete bifurcation, but a phasing of trial.

15.     The Court grants in part Defendants' Motion in Limine (No. 15) to exclude evidence of damages based upon the loss of promotional opportunities and loss of business reputation caused by this alleged conduct.  If Plaintiff desires to revisit the ruling, he needs to make an offer of proof in advance of introducing evidence

1  of those types of damages.

2      16.    The Court denies without prejudice Defendants' Motion in Limine (No. 16)
3  to exclude evidence of economic damages claimed by Plaintiff.  Plaintiff is required to
4  provide Defendants by November 21, 2007, a break down and calculation of his
5  purported economic damages.

6      17.    The Court denies without prejudice Defendants' Motion in Limine (No. 17)
7  that the question of "whether speech is protected" is one of law.  After hearing the
8  evidence, the Court will make a determination whether the speech is protected under
9  the First Amendment.

10     18.    The Court denies Defendants' Motion in Limine (No. 18) to request the
11 Court to admonish Plaintiff from introducing testimony that lacks foundation, is hearsay
12 and is not responsive to the question.  Objections and Court instructions regarding
13 Plaintiff's testimony will be addressed on an individual basis.

14     19.    The Court finds Defendants' Motion in Limine (No. 19) to bifurcate the
15 <u>Monell</u> claim to be moot as Plaintiff confirmed in response to Motion in Limine No. 6
16 that he is not pursuing such a claim.

17     20.    The Court finds Defendants' Motion in Limine (No. 20) to preclude
18 witnesses and testimony based upon Plaintiff's assertion that certain witnesses are
19 confidential informants to be a nonissue. There are none.

20

21

22 Dated: November 29, 2007        /s/ Oliver W. Wanger
                                              Oliver W. Wanger
23                                       U.S.D.C. Eastern District Judge